**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

February 06, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ Tallulah Costa
DEPUTY CLERK

**DR. DERRICK R. BROWN,**

    **Plaintiff,**

**v.**

    **CASE NO.:** 6:26-CV-00016

    **JURY TRIAL DEMAND**

**DR. BEN COPELAND,** *In His Individual Capacity*,

    **Defendants.**

## COMPLAINT

COMES NOW, Plaintiff Dr. Derrick R. Brown ("Dr. Brown" or "Plaintiff") by counsel, and states as his Complaint against Lynchburg City Schools and Dr. Ben Copeland, in his individual capacity, the following:

### JURISDICTION AND VENUE

1. Venue is proper as the acts and omissions described below occurred within the Eastern District of Virginia.

2. This matter raises questions of state and federal law. Federal questions are presented pursuant to 42 U.S.C. § 1983. This Court possesses original and supplemental jurisdiction over this matter. *See generally*, 28 U.S.C. §§ 1331, 1367.

3. Defendant acted under color of state law at all times pertinent to this Complaint.

4. This Court has supplemental jurisdiction over this matter as it arises under the Virginia Fraud and Abuse Whistle Blower Protection Act ("F&A Act"), codified at Va. Code Ann. §§ 2.2-3009, *et seq.*, and Virginia Common Law.

1

5.    Dr. Brown is a whistle blower pursuant to the F&A Act.

6.    Va. Code Ann. § 2.2-3009:

"Whistle blower" is defined as "an employee who witnesses or has evidence of wrongdoing or abuse and who makes or demonstrates by clear and convincing evidence that he is about to make a good faith report of, or testifies or is about to testify to, the wrongdoing or abuse to one of the employee's superiors, an agent of the employer, or an appropriate authority. "Whistle blower" includes a citizen of the Commonwealth who witnesses or has evidence of **wrongdoing or abuse** and who makes or demonstrates by clear and convincing evidence that he is about to make a good faith report of, or testifies or is about to testify to, the wrongdoing or abuse to an appropriate authority.

(emphasis added).

7.    "**Wrongdoing**" is defined in the Act as "a violation, which is not of a merely technical or minimal nature, of a federal or state law or regulation, local ordinance, or a formally adopted code of conduct or ethics of a professional organization designed to protect the interests of the public or employee."

8.    The acts and/or omissions of Defendant from which the following causes of action arise, occurred within Lynchburg, Virginia.

9.    Dr. Brown is a resident of Lynchburg, Virginia.

10.    Upon information and belief, Dr. Copeland is a resident of Lynchburg, Virginia.

11.    Dr. Brown was employed by Lynchburg City Schools as the Director of Student Services on or about July 2022.

12.    Dr. Brown worked full-time and received wages and benefits.

13.    Pursuant to the F&A Act, Dr. Copeland was the "employer" of Plaintiff ("Employer" means a **_person_** supervising one or more employees, including the

2

employee filing a good faith report, a superior of that supervisor, or an agent of the governmental agency.) All adverse employment actions and decisions related to employment matters complained of herein were authorized and endorsed Dr. Copeland.

14.     Dr. Copeland had notice of all of Dr. Brown's protected activities.

15.     Claims under the F&A Act require timely initiation of the claim. Dr. Brown commences this litigation within three (3) years of the adverse act complained of herein.

## FACTS

16.     Dr. Brown was hired by Lynchburg City Public Schools as the Director of Student Services on or around July 2022. Dr. Brown was promoted to the Chief Academic and Student Services Officer the next year, on or around July 2023.

17.     Dr. Copeland served as Interim Superintendent of Lynchburg City Schools in 2024.

18.     This is not a case in which Plaintiff claims racial discrimination pursuant to state or federal law. But as described below, race is a factor in this matter. At no time in determining a whistle blower retaliation matter or a 1983 claim, is this Court concerned with answering a question concerning discrimination. However, these issues persist among the protected activities reoported by Dr. Brown.

19.     Dr. Brown is African American.

20.     Dr. Copeland is Caucasian.

21.     This is a case of failure to promote all arising under a theory of whistle blower and 1st Amendment retaliation.

22.     At the time of Plaintiff's unlawful failure to promote, Dr. Brown worked as the Chief Academic and Student Services Officer.

23.    Dr. Brown was retaliated against for engaging in acts that were protected by the F&A Act and for engaging in speech on a matter of public concern.

24.    At all times Dr. Brown operated in good faith. Defendant had actual notice of Dr. Brown's protected speech and protected acts pursuant to the F&A Act.

### Whistleblower Report

25.    In September of 2024, Lynchburg City Schools announced the retirement of a Deputy Superintendent.

26.    Dr. Brown was vocal regarding his desire for this position as he was highly qualified and the position would have been a promotion.

27.    In October of 2024, Dr. Copeland had a conversation with a Member of the Lynchburg City School Board. In this conversation, Dr. Copeland stated that Dr. Brown was too focused on a specific group of kids, the black kids.

28.    Dr. Copeland stated that Dr. Brown "only cared about a certain type of student who looked a certain way." This was a reference to minority students.

29.    Dr. Copeland believed that Dr. Brown spent too many hours serving the racial minority students of Lynchburg City Schools and he demonstrated this in his words and actions.

30.    Dr. Brown treated all of the students at Lynchburg City Schools equally. However, he noted a racial bias and antagonism regarding Dr. Copeland's actions.

31.    Dr. Brown became concerned that Dr. Copeland was not executing his role as Interim Superintendent for the benefit of all public students at Lynchburg City Schools.

32.    Dr. Copeland frequently expressed frustration with programs that served underprivileged students and racial minority students of Lynchburg City Schools. Dr. Copeland never articulated a budgetary issue, quality control issue, success rate issue, or

4

any other metric in support of his viewpoint that certain programs were unnecessary, but rather, operated from a bias against non-white and underprivileged students.

33.    In the Fall semester of 2024, Dr. Brown reported to Dr. Copeland that underprivileged and minority students in Lynchburg City Public Schools required protection.

34.    Dr. Copeland was overheard in his office speaking about Dr. Brown. He took umbrage at Dr. Brown for speaking on behalf of the underprivileged and racial minority public students. Dr. Copeland stated that Dr. Brown was "hyper focused on those kids".

35.    In November and December of 2024, as well as in January of 2025, Dr. Brown reached out to School Board attorney to report that he felt that Dr. Copeland was acting in a retaliatory and harmful manner.

36.    On or about January 22, 2025, Dr. Copeland began stripping Dr. Brown of responsibilities.

37.    In a meeting in late January of 2025 between Dr. Brown, Dr. Copeland, Deputy Superintendent Pugh, the school system's attorney, and a representative from Human Resources, Dr. Brown discussed the systems he had put into place for instruction of all students in the division.

38.    On or about February 27, 2025, Dr. Brown applied for the position of Superintendent. Upon information and belief, Dr. Brown was the highest qualified candidate for this position.

39.    Dr. Copeland was visibly agitated with Dr. Brown and angrily informed Dr. Brown that many of duties regarding teaching and instruction would be reassigned to Dr. Davis, who is a biracial female. The rest of the instructional team was comprised of white, female personnel.

40.     Dr. Brown's supervisory authority was lessened.

41.     Dr. Copeland was so angry with Dr. Brown, that it affected Dr. Brown medically.

42.     Because of the negative environment and lack of transparency surrounding the scheduled January 2025 meeting with Dr. Copeland, Dr. Brown sought medical treatment at an Urgent Care Clinic, and was prescribed to be out of work for ten days.

43.     The open position of Deputy Superintendent was posted by Lynchburg City Schools in March of 2025. As he was highly qualified for the position, Dr. Brown applied.

44.     Dr. Brown participated in interviews for the position of Deputy Superintendent in April of 2025. Upon information and belief, Dr. Brown was the highest qualified candidate for this position.

45.     On or around May 5, 2025, Dr. Brown was informed that he did not receive the Superintendent position.

46.     On or around May 6, 2025, Dr. Brown filed a formal complaint on policy GB-EQUAL EMPLOYMENT OPPORTUNITY/NONDISCRIMINATION, reiterated details of a prior conversation involving concerns, as well as reported additional concerns to Human Resources as follows:

a.     Dr. Copeland had acted unlawfully with a racially discriminatory bias toward public school students.

b.     Dr. Copeland had violated equal opportunity legal protections in the exercise of his duty as Interim Superintendent.

c.     As examples of these activities on behalf of Dr. Copeland, Dr. Brown referenced Dr. Copeland's comments above and his role in stripping power away from Dr. Brown in an effort to harm minority students.

6

d.    Dr. Brown reported that Dr. Copeland was concerned that Dr. Brown focused on minority students and this unlawful racial bias was the reason for stripping Dr. Brown of his responsibilities.

47.    Dr. Brown reported at all times in good faith.

48.    Defendant had actual notice of this reporting and protected speech.

49.    On or around May 6, 2025, Dr. Copeland and Mrs. Pugh informed Dr. Brown that he did not receive the position of Deputy Superintendent.

50.    Dr. Brown also applied for a third position to which he was highly qualified, to-wit, Director of Secondary Instruction. He was interviewed for the position on or about May 27, 2025. Upon information and belief, Dr. Brown was the highest qualified candidate.

51.    On or around June 3, 2025, Lynchburg City Schools Human Resources informed Dr. Brown that he did not receive this position, which would have been a demotion.

52.    Dr. Copeland orchestrated the placement of individuals upon the panels that interviewed the candidates for both positions.

53.    Dr. Copeland took steps to ensure that Dr. Brown received no other position at Lynchburg City Schools.

54.    Dr. Brown did not receive either promotion due to the retaliation of Dr. Copeland.

55.    Dr. Copeland retaliated against Dr. Brown due to Dr. Brown's good faith reporting that Dr. Copeland operated unlawfully and for all of the above protected speech by Dr. Brown. Dr. Copeland made the hiring decisions and all decisions that adversely affected Dr. Brown.

56.    At no time did Dr. Brown receive workplace discipline, a poor performance review, nor was Dr. Brown placed on a performance improvement plan prior to being retaliated against by Lynchburg City Schools and Dr. Copeland.

57.    At all times, Dr. Brown remained the most qualified candidate for the positions to which he applied and would have received these promotions but for the illegal retaliation.

58.    Dr. Brown has suffered pecuniary harm and emotional harm due to the actions of Dr. Copeland.

## COUNT I: FIRST AMENDMENT FREEDOM OF SPEECH RETALIATION AND WRONGFUL TERMINATION IN VIOLATION OF 42 U.S.C § 1983

59.    Dr. Brown incorporates by reference herein the preceding paragraphs of this Complaint.

60.    Dr. Brown engaged in constitutionally protected speech on matters of public concern. As highlighted above, Dr. Brown stated to Defendant and to Human Resources that the underprivileged and racial minority students required protection. Dr. Brown stated that Dr. Copeland was not serving the students equally and was using class and race to illustrate preferences.

61.    Defendant had actual notice of Dr. Brown's expression of speech.

62.    Dr. Brown's speech did not impede or conflicted with the performance of his job duties.

63.    Dr. Brown's speech did not interfere with the operation of or undermine the mission of Defendant. Indeed, it *should* be the mission of the Superintendent of Lynchburg City Public Schools to ensure equal protection of the law and equal treatment of all public school students.

64.    Defendant harassed Dr. Brown, stripped Dr. Brown of his job duties, and denied him two promotions of employment to which he was most qualified, because he engaged in protected activity pursuant to her First Amendment rights.  In addition, Dr. Brown was denied a lateral position as Chief of Student Services, and was passed over for the position of Director of Secondary Instruction, which would have been a demotion.

65.    Defendant violated Dr. Brown's First Amendment rights and  retaliated against him in violation of 42 U.S.C. § 1983.

66.    Defendant retaliated against Dr. Brown because of his constitutionally protected speech.

67.    Defendant's retaliatory treatment of a public employee for expressing First Amendment rights is a violation of clearly established statutory and constitutional rights. Defendant would have known that taking such action was unlawful.

68.    Defendant acted with reckless and/or callous indifference to Dr. Brown's legal rights.

**COUNT II:  CLAIM FOR RETALIATION IN VIOLATION OF THE VIRGINIA FRAUD AND ABUSE WHISTLE BLOWER PROTECTION ACT,
VA. CODE ANN. §§ 2.2-3009, *et seq.***

69.    Virginia Code §2.2-3011 provides that no public employer, including counties, **may discharge, threaten, or otherwise discriminate or retaliate** against a whistle blower's disclosures of wrongdoing or abuse. Plaintiff reported wrongdoing and abuse in good faith and suffered retaliation. Defendants discriminated and retaliated against Plaintiff.

70.    At all times relevant to this action, Plaintiff was an "Employee" and Defendant was considered an "Employer" as those terms are defined in the Virginia §2.2-

9

3010 of the Code of Virginia.

71.    At all times relevant to this action, Defendant engaged in "Wrongdoing" as those terms are defined in §2.2-3010. Though Plaintiff is not a lawyer, the unlawful wrongdoing and abuse he reported in good faith were violations of:

a.    The Fourteenth Amendment of the U.S. Constitution; equal protection;

b.    Title VI of the Civil Rights Act;

c.    8VAC20-131-210

d.    8VAC20-720-10

e.    8VAC20-660-20

72.    These laws and regulations all concern equal protection and non-discrimination, the thrust of Dr. Brown's reporting.

73.    Plaintiff made a good faith report of wrongdoing and Defendant retaliated against Plaintiff for reporting the abuse and wrongdoing in violation of §2.2-3011.

74.    Defendants retaliated against Plaintiff by

a.    Preventing Dr. Brown from professional advancement;

b.    Lowering his supervisory authority;

c.    Failing to promote Dr. Brown to positions to which he was most qualified.

75.    The actions of Defendant constitute retaliation under the Virginia Fraud and Abuse and Whistleblower Protection Act, Virginia Code §2.2-3011.

76.    As a direct and proximate result of Defendant's actions in violation of §2.2-3011, Plaintiff has suffered and continues to suffer injury, pain and suffering, humiliation, embarrassment, inconvenience, lost wages and benefits including retirement, lost career

opportunities, lost student loan forgiveness eligibility, and incurred attorney's fees and costs in this action.

**WHEREFORE**, Plaintiff Dr. Derrick R. Brown prays for judgment against Dr. Ben Copeland, for reinstatement to the same position or, if the position is filled, to an equivalent position; (ii) back pay; (iii) full reinstatement of fringe benefits and seniority rights, compensatory damages, and punitive damages together with prejudgment and post judgment interest and attorneys' fees and costs, and for such other and further relief as may be just and equitable.

A TRIAL BY JURY ON ALL THINGS TRIABLE IS HEREBY REQUESTED.

Respectfully Submitted,

**DR. DERRICK R. BROWN**

By: /s/ Thomas E. Strelka
Thomas E. Strelka, Esq. (VSB # 75488)
VIRGINIA EMPLOYMENT LAW
*Counsel for Plaintiff*

Thomas E. Strelka, Esq. (VSB # 75488)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Ave.
Roanoke, VA 24018
Tel: 540-283-0802
thomas@vaemployment.law

11