CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

5/19/2026
LAURA A. AUSTIN, CLERK
BY:  s/ ARLENE LITTLE
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
LYNCHBURG DIVISION

|  |  |
|---|---|
| DERRICK BROWN, | CASE NO. 6:26-cv-00016 |
| *Plaintiff,* | |
| v. | MEMORANDUM OPINION & ORDER |
| BEN COPELAND, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Dr. Derrick Brown ("Brown"), the former Chief Academic Officer of Lynchburg City Schools, is suing Dr. Ben Copeland ("Copeland"), the former Interim Superintendent of Lynchburg City Schools, for allegedly "retaliating" against him for saying that "underprivileged and minority students . . .require[] protection." Dkt. 1 ¶¶ 16–17, 33. Brown seeks relief under 42 U.S.C. § 1983 (for First Amendment retaliation) and Virginia's Fraud and Abuse Whistle-Blower Protection Act ("FAWPA"). Copeland, who has been sued only in his individual capacity, moves to dismiss Brown's FAWPA claim for lack of standing, arguing that Copeland cannot provide Brown with the relief he seeks—namely, reinstatement and back pay.[1] Dkt. 7.

---

[1] Rule 12(b)(6) motions test the sufficiency of the complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989). When resolving a motion to dismiss, the court assumes the truth of all facts alleged in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and "draw[s] all reasonable inferences in favor of the plaintiff," *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020).

The FAWPA protects state and local employees who report "wrongdoing or abuse" from retaliation. *See* Va. Code § 2.2-3011(B). To fall under the statute's protection, the employee must report "information" that they believe is "accurate," *id.* § 2.2-3011(C), and that information must relate to "a violation . . . of a federal or state law or regulation, local ordinance, or a formally adopted code of conduct or ethics of a professional organization designed to protect the interests of the public or employee," *id.* § 2.2-3010. If an employer retaliates against an employee for making a good faith report of a legal violation, the employee may obtain one or more of these statutory remedies: "(i) reinstatement to the same position or, if the position is filled, to an equivalent position; (ii) back pay; [or] (iii) full reinstatement of fringe benefits and seniority rights." *Id.* § 2.2-3011(D). The FAWPA defines "employer" as "a person supervising one or more employees, including the employee filing a good faith report, a superior of that supervisor, or an agent of the governmental agency." Va. Code § 2.2-3010.

Copeland's motion to dismiss—which essentially argues that supervisors cannot be sued in their individual capacity under the FAWPA—presents a non-federal question, and therefore, this Court must "apply the law of the state."[2] *United States v. Little*, 52 F.3d 495, 498 (4th Cir. 1995) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). If the Supreme Court of Virginia has spoken on this question, this Court must defer to that court's interpretation of state law. *See West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940). However, in the absence of relevant state supreme court authority, federal courts must carefully predict how the state's highest court would construe the provision or resolve the issue. *See McClung v. Dr. Allan L. Bergano, D.D.S., P.C. v. City of*

---

[2]     Copeland frames his argument as a matter of standing—more specifically, a lack of redressability. But to avoid an Article III issue, Copeland's argument is better framed as one of statutory construction. In other words, his redressability argument really goes to whether the statute anticipated relief against supervisors in their individual capacities.

*Virginia Beach*, 241 F. Supp. 3d 690, 707 (E.D. Va. 2017). In forecasting the interpretation of the state's highest court, this Court must consider: "canons of construction, restatements of the law, treatises, recent pronouncements of general rules or policies by the state's highest court, well considered dicta, and the state's trial court decisions." *Wells v. Liddy*, 186 F.3d 505, 528 (4th Cir. 1999). "The court must also employ common sense and guided logic." *Atl. Mach. & Equip., Inc. v. Tigercat Indus., Inc.*, 419 F. Supp. 2d 856, 859 (E.D. Va. 2006).

Statutory construction should give meaning to the intent of the legislature and "that intent is [] determined by the words in the statute." *Virginia Soc. for Human Life, Inc. v. Caldwell*, 256 Va. 151, 156 (Va. 1998). "[I]f statutory language is not ambiguous but has a usual and plain meaning, rules of construction do not apply and resort to legislative history is both unnecessary and improper." *Marsh v. City of Richmond*, 234 Va. 4, 11 (Va. 1987). Where the words used in the statute are not sufficiently explicit, courts may determine the intent of the legislature from the "occasion and necessity of the statute being passed, from a comparison of its several parts and of other acts *in pari materia*, and sometimes from extraneous circumstances which may throw light on the subject." *City of Richmond v. Sutherland*, 114 Va. 688 (Va. 1913).

There is a dearth of authority interpreting the FAWPA. The Court is aware of a few decisions by Virginia's lower courts that address the FAWPA's definition of employer. *See*, *e.g.*, *Martin v. City of Waynesboro,* 87 Va. App. 67, 84 (Va. Ct. App. 2026); *Morrison v. George Mason Univ.*, 113 Va. Cir. 77 (Va. Cir. 2024). For example, in *Martin*, the Court of Appeals of Virginia recently held that § 2.2-3010's definition of employer means "an employee's supervisor within [the government] agency." 87 Va. App. at 83. In other words, under the FAWPA, a state or municipal employee who has been retaliated against for reporting violations of law can sue his supervisor but cannot sue the state or municipality. *Martin's* construction is supported by the plain

3

language of the statute, which defines employer as "a person supervising one or more employees."

Va. Code § 2.2-3010.

But neither *Martin* nor any other Virginia case directly addresses the issue presented here.

To be sure, *Martin* held that supervisors can be sued in their *official capacities*, noting that

supervisors are not entitled to sovereign immunity under the FAWPA.[3] *Martin,* 87 Va. App. at 84.

But *Martin* left open the question of whether supervisors can be sued in their *individual capacities*.

The text and structure of the statute suggest not.

The FAWPA only allows for limited statutory remedies, namely: "(i) reinstatement to the

same position or, if the position is filled, to an equivalent position; (ii) back pay; [or] (iii) full

reinstatement of fringe benefits and seniority rights." Va. Code § 2.2-3011(D). These remedies are

only available against a defendant in his official capacity—not his individual capacity. Analyzing

the False Claims Act's definition of employer, Judge Ellis ably explained why the FCA's statutorily

prescribed remedies foreclosed individual supervisory liability:

> [T]he text of § 3730(h), read as a whole, forecloses the argument
> that a supervisor may be sued in his individual capacity. This is so
> because the current version of § 3730(h) continues to prescribe
> mandatory remedies, such as reinstatement. Such mandatory
> language undermines the argument that § 3730(h) contemplates
> individual supervisor liability because, as the D.C. Circuit observed
> in rejecting the argument that the pre–2009 provision allowed
> supervisor liability, "a mere supervisor could not possibly grant
> [remedies such as reinstatement] in his individual capacity."

---

[3]    Only official capacity claims are subject to sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985) (stating that officials in personal capacity actions may be able to assert personal immunity defenses such as absolute immunity and qualified immunity, but these defenses are unavailable in official capacity actions in which the only immunities that can be claimed are forms of sovereign immunity that the entity may possess); *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006) ("Qualified immunity may be invoked by a government official sued in his personal, or individual, capacity. This defense is not available in an official-capacity suit brought against a government entity or a government officer as that entity's agent."). Individual capacity claims may be subject to qualified immunity, but they are not subject to sovereign immunity defenses. *Id.*

4

*Brach v. Conflict Kinetics Corp.*, 221 F. Supp. 3d 743, 749–50 (E.D. Va. 2016) (quoting *Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 972 (D.C. Cir. 2001)). Judge Ellis's reasoning about the FCA applies with equal force to the FAWPA. An individual supervisor (and especially a former supervisor who is no longer employed by the government agency) is in no position to reinstate a plaintiff or to compel the government agency to pay back pay. Therefore, the FAWPA's remedy provision strongly suggests that the General Assembly only contemplated official capacity claims against supervisors.[4] Because Copeland is only sued in his individual capacity, the FAWPA claim against him must be dismissed.[5]

Accordingly, Copeland's motion to dismiss Count II of the Complaint (Dkt. 7) is **GRANTED**. Brown's FAWPA claim against Copeland in his individual capacity is hereby dismissed.

The Clerk is directed to provide a copy of this Memorandum Opinion & Order to all parties of record.

---

[4]    Considering Hawaii's whistleblower statute, the Supreme Court of Hawaii held that plaintiffs could not recover against supervisors in their individual capacity. *See Lales v. Wholesale Motors Co.*, 133 Haw. 332, 345, 328 P.3d 341, 354 (Haw. 2014). This persuasive authority supports the Court's conclusion that the FAWPA only authorizes official capacity claims.

[5]    The individual capacity issue is not Brown's only pleading deficiency. He alleges that he was retaliated against for telling Copeland that "minority students need to be protected." Dkt. 1 ¶ 33. But the FAWPA only protects employees who report a fellow employee or supervisor for violating the law. Virginia Code § 2.2-3010. Providing your supervisor with an opinion (especially one that is dangerously close to a truism) is not protected activity under the FAWPA.

Brown also alleges that on May 6, 2025, he filed an employment discrimination report claiming that Copeland discriminated against minority students and that the evidence of that discrimination was Copeland's retaliation against Brown. Dkt. 1 ¶ 46. But according to Brown, Copeland had already retaliated against him before this report was filed, including denying him a promotion to Deputy Superintendent. It goes without saying that where a protected activity occurred *after* the adverse actions, the protected activity cannot be the cause of the adverse actions.

Entered this __19th__ day of May, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE